11-1387-ag
Ahmed v. Holder

BIA
A092 776 211

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of February, two thousand twelve.

PRESENT:
>        ROBERT D. SACK,
>        ROBERT A. KATZMANN,
>        BARRINGTON D. PARKER,
>             *Circuit Judges.*

_____

SUBAIR SAEED AHMED, AKA ZUBAIR SAEED AHMED,
>        *Petitioner,*

>        v.                                11-1387-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:     Amy Nussbaum Gell, Gell & Gell, New York, New York

FOR RESPONDENT:     Tony West, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Richard Zanfardino, Trial Attorney, Office

**of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Subair Saeed Ahmed, a native and citizen of Pakistan, seeks review of a March 28, 2011, order of the BIA denying his motion to reopen. *In re Subair Saeed Ahmed*, No. A092 776 211 (B.I.A. Mar. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case. We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

Because Ahmed's motion to reopen was untimely, he was required to demonstrate that the time limit should be equitably tolled because he received ineffective assistance of counsel or establish changed country conditions excepting his motion from the time limit. *See* 8 U.S.C. § 1229a(c)(7)(C); *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006). The BIA found that he established neither, and accordingly denied his motion as untimely.

Ahmed argues that the agency erred in failing to reopen his proceedings based on his allegation of ineffective assistance of counsel. However, because Ahmed's motion to reopen was filed over eight years after his final removal order was issued he was required to show that he exercised due diligence in pursuing the case "during th[at] entire period" which he seeks to toll. *Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008). While Ahmed provided evidence that he relied on various attorneys between 2002 and 2007 to pursue a LIFE Act claim, he presented no evidence that he took any actions to pursue his case between the 2009 denial of his LIFE Act claim and July 2010 when he hired the attorney who filed his motion to reopen. Accordingly, the BIA did not abuse its discretion in finding that he did not establish that he acted with due diligence in pursuing his ineffective assistance of counsel claim. *See id.*

Ahmed also argues that the agency abused its discretion in concluding that he did not demonstrate changed country conditions. This argument is unavailing. Ahmed's motion to reopen and evidence before the BIA did not indicate any change in country conditions. He now relies on statements in an affidavit he submitted to the BIA, asserting that

3

conditions in Pakistan had changed since the Pakistan Peoples Party came to power in 2008 and listing suicide attacks between 2007 and 2010. This evidence does not compel the conclusion that conditions in Pakistan changed since the time of his 1999 merits hearing. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007); *Moosa v. Holder*, 644 F.3d 380, 386-87 (7th Cir. 2011). Accordingly, the BIA reasonably concluded that Ahmed did not present evidence warranting an exception to the time limitations on motions to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4